■ In the Matter of the Claim of STELLA LAHEY, Respondent, v. DUSO AUTO PARTS, INCORPORATED, et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GABRIELLI, J. Appeal by the employer and its carrier from a decision of the Workmen's Compensation Board. The deceased employee was employed as a truck driver in the delivery of packaged auto parts. While making deliveries on a Friday it began to rain in the afternoon and when he returned home that evening he was "soaking wet". He became ill, developed pleurisy with lobar pneumonia and died two days later. The board, in reversing the decision of the Referee, found that death resulted from "an accidental injury arising out of and in the course of the employment". A disease such as pneumonia may be considered an accidental injury (*Matter of Connelly* v. *Hunt Furniture Co.*, 240 N. Y. 83), but to rise to the level of an accidental injury, the inception of the disease must be assignable to a single act or particular occasion *and* must also be assignable to something catastrophic or extraordinary (*Matter of Lerner* v. *Rump Bros.*, 241 N. Y. 153, 155; *Matter of Vaughan* v. *Bushwick Iron & Steel*, 10 A D 2d 659, affd. 9 N Y 2d 727; *Matter of Conroy* v. *Rupert Fish Co.*, 8 A D 2d 553, 554). Since the appellants do not question that the disease resulted from a single act or particular occasion, the sole issue presented is whether claimant's exposure was unusual, catastrophic or extraordinary. While it may well be that the claimant was compelled, as the board erroneously concluded, to make certain deliveries "which could not be delayed and therefore claimant could not stop work because of the rain storm" and "that decedent had to continue his route thereby subjecting himself to special hazard of the employment", there is no support for this finding in the brief record before us. Without evidence of an emergent or unusual exposure created by the needs of the employment, the occurrence here presented is not one as would be considered by the common man as an accident. Decision reversed, with costs against the Workmen's Compensation Board, and matter remitted for further proceedings not inconsistent herewith. Gibson, P. J., Reynolds, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gabrielli, J.